## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACCOR FRANCHISING NORTH AMERICA, LLC; ACCOR NORTH AMERICA, INC.; and MOTEL 6 OPERATING L.P.<br>　　Plaintiffs | : | CIVIL ACTION |
| | : | |
| 　　　　　　　　v. | : | NO. |
| | : | |
| KARMA HOLDINGS, LLC; BHARTI PATEL; PENROSE MANAGEMENT, LLC; and PANKAJ SHETH<br>　　Defendants | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Accor Franchising North America, LLC; Accor North America, Inc.; and Motel 6 Operating L.P. by and through their undersigned counsel, bring this action against defendants Karma Holdings, LLC; Bharti Patel; Penrose Management, LLC; and Pankaj Sheth and in support thereof, aver as follows:

## THE PARTIES

1. 　Plaintiff Accor Franchising North America, LLC (hereinafter AFNA) is a Delaware limited liability company with its principal place of business located at 4001 International Parkway, Carrollton, Texas.

2. 　Plaintiff Accor North America, Inc. is a Delaware corporation with its principal place of business located at 4001 International Parkway, Carrollton, Texas.

3. 　Plaintiff Motel 6 Operating L.P. is a Delaware limited partnership with its principal place of business located at 4001 International Parkway, Carrollton, Texas. Accor North America, Inc. and IBL Limited, LLC are all of the partners of Motel 6

Operating L.P. Accor North America, Inc. is a Delaware corporation and IBL Limited, LLC is a Delaware limited liability company, both with their principal places of business located at 4001 International Parkway, Carrollton, Texas.

4. Defendant Karma Holdings LLC ("Karma") is a Pennsylvania limited liability company with its principal place of business located at 150 Hotel Heights, Clearfield, Pennsylvania.

5. Upon information and belief, defendant Bharti Patel ("Patel") is an individual, resident, and citizen of Pennsylvania. Patel is president and treasurer of Karma.

6. Defendant Penrose Management LLC ("Penrose") is a Pennsylvania limited liability company with its principal place of business located at 2015 Penrose Avenue, Philadelphia, Pennsylvania.

7. Defendant Pankaj Sheth ("Sheth") is an individual, resident, and citizen of New Jersey, who resides at 143 Valesi Drive, Morganville, New Jersey. Sheth is the president, vice president, and treasurer of Penrose.

8. At all times material hereto, Sheth conducted business as if he were the principal owner or sole shareholder of both Karma and Penrose.

9. At all times material hereto, Sheth regularly conducted business in Pennsylvania.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 since the allegations in Count III and Count IV of this action arise under the laws of the United States.

11.     This Court has supplemental jurisdiction as to the remaining allegations contained in this Complaint pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 since the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

13.     Venue is proper as to Penrose as it maintained at all times material hereto, and continues to maintain, its principal place of business in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1391(a) – (c).

14.     Venue is proper as to Sheth as he regularly conducts business in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1391(a) – (b).

15.     Venue is proper as to Karma as it regularly conducts business in the Eastern District of Pennsylvania, and because it is jointly and/or severally liable with co-defendants for the damages alleged by plaintiffs herein. *See* 28 U.S.C. § 1391(a) – (c).

16.     Venue is proper as to Patel as she regularly conducts business in the Eastern District of Pennsylvania, and because she is jointly and/or severally liable with co-defendants for the damages alleged by plaintiffs herein. *See* 28 U.S.C. § 1391(a) – (b).

## FACTS-THE KARMA AGREEMENT

17.     Karma entered into a franchise agreement (the "Karma Agreement") with plaintiff AFNA on or about July 20, 2009.  A true and correct copy of the Karma Agreement is attached hereto as Exhibit A.

18.     Patel is the guarantor of the franchisee in the Karma Agreement and is therefore jointly and severally liable for the franchisee's financial obligations under the Karma Agreement.

19.     Pursuant to the Karma Agreement, the property located at 150 Hotel Heights, Clearfield, Pennsylvania was to be operated as a Motel 6 franchise.

20.     Pursuant to the Karma Agreement, defendant Karma was to pay to plaintiffs certain monthly fees and contributions, including but not limited to:

    a.   A monthly royalty fee in an amount equal to four percent (4%) of gross room revenues for the preceding calendar month;

    b.   A monthly marketing and reservation contribution equal to three and one-half percent (3.5%) of the motel's gross room revenues for the preceding calendar month; and

    c.   Reimbursement to the franchisor or its affiliates for any travel agency commissions, airline reservation system fees, fees associated with the use of electronic booking systems by guests and other related fees that the franchisor or its affiliates pays to third parties on behalf of the franchisee in connection with reservations for rooms at the motel.

21.     Pursuant to the Karma Agreement, defendant Karma was further required to maintain the subject premises and to perform certain duties, including but not limited to:

    a.   Purchasing and installing, at defendant's expense, all fixtures, furnishings, equipment, décor, and supplies as required to comply with Motel 6 standards;

b.  Maintaining the premises in a condition consistent with Motel 6 standards;

c.  Making short-term and long-term renovations to the premises at franchisor's request to conform with Motel 6 standards;

d.  Ensuring that defendant Karma and its employees preserve good guest relations;

e.  Using fixtures, furnishings, equipment, signs, materials, services and supplies that conform to Motel 6 standards; and

f.  Purchasing or licensing, installing, utilizing and maintaining certain software, hardware and equipment necessary to operate and maintain the computer system for the premises.

22.   Pursuant to the Karma Agreement, defendant Karma was required to have the owner and manager of the premises attend and successfully complete certain training programs. Defendant Karma was responsible for all expenses incurred with respect to the training programs, including the tuition fees.  The owner attended the training, but the manager did not.  Karma failed to pay for the training attended by the owner.

**FACTS-THE PENROSE AGREEMENT**

23.   Penrose entered into a franchise agreement (the "Penrose Agreement") with plaintiff AFNA on or about November 6, 2009. A true and correct copy of the Penrose Agreement is attached hereto as Exhibit B.

24.   Sheth is the guarantor of the franchisee in the Penrose Agreement and is therefore jointly and severally liable for the franchisee's financial obligations under the Penrose Agreement.

25.     Pursuant to the Penrose Agreement, the property located at 2015 Penrose Avenue, Philadelphia, Pennsylvania was to be operated as a Motel 6 franchise.

26.     Pursuant to the Penrose Agreement, defendant Penrose was to pay to plaintiffs certain monthly fees and contributions, including but not limited to:

    a.  A monthly royalty fee in an amount equal to four percent (4%) of gross room revenues for the preceding calendar month;

    b.  A monthly marketing and reservation contribution equal to three and one-half percent (3.5%) of the motel's gross room revenues for the preceding calendar month; and

    c.  Reimbursement to the franchisor or its affiliates for any travel agency commissions, airline reservation system fees, fees associated with the use of electronic booking systems by guests and other related fees that the franchisor or its affiliates pays to third parties on behalf of the franchisee in connection with reservations for rooms at the motel.

27.     Pursuant to the Penrose Agreement, defendant Penrose was further obligated to maintain the subject premises and perform certain duties, including but not limited to:

    a.  Purchasing and installing, at defendant's expense, all fixtures, furnishings, equipment, décor, and supplies as required to comply with Motel 6 standards;

    b.  Maintaining the premises in a condition consistent with Motel 6 standards;

c.  Making short-term and long-term renovations to the premises at franchisor's request to conform with Motel 6 standards;

d.  Ensuring the defendant and its employees preserve good guest relations;

e.  Using fixtures, furnishings, equipment, signs, materials, services and supplies that conform to Motel 6 standards; and

f.  Purchasing or licensing, installing, utilizing and maintaining certain software, hardware and equipment necessary to operate and maintain the computer system for the premises.

28.  Pursuant to the Penrose Agreement, defendant Penrose was further required to have the owner and manager of the premises attend and successfully complete certain training programs. Defendant Penrose was responsible for all expenses incurred with respect to the training programs, including the tuition fees.  The owner and manager of defendant Karma failed to attend and successfully complete the required training programs.

## COUNT I
### Breach of Contract
### against Karma, Sheth, and Patel

29.  Each and every one of the preceding averments in the Complaint are incorporated herein and made a part hereof by reference.

30.  At all times relevant, defendants breached their obligations under the Karma Agreement, including, but not limited to failing to pay the amounts owed to plaintiffs with respect to each of the aforesaid fees and contributions.

31.    At all times relevant, defendants breached their obligations under the Karma Agreement, including, but not limited to failing to properly record and/or document each and every motel guest such that defendants underreported their gross room revenues. This resulted in defendants under-paying the fees and contributions owed to plaintiffs pursuant to the Karma Agreement.

32.    At all times relevant, defendants breached their obligations under the Karma Agreement by failing to maintain the premises in a condition consistent with Motel 6 standards and by failing to preserve good guest relations.

33.    At all times relevant, defendants breached their obligations under the Karma Agreement by failing to attend and/or successfully complete the required training programs and/or failing to pay the full tuition fees with respect to the same.

34.    As a direct and proximate result of defendants' material breaches, the Karma Agreement was prematurely terminated on or about April 14, 2010.

35.    As a direct and proximate result of defendants' material breaches, plaintiffs have suffered damages and will continue to suffer damages.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against defendants for damages in excess of $75,000, together with interest, costs, attorney's fees and such other further relief as may be deemed appropriate by the Court.

## COUNT II
## Breach of Contract
## against Penrose and Sheth

36.     Each and every one of the preceding averments in the Complaint are incorporated herein and made a part hereof by reference.

37.     At all times relevant, defendants breached their obligations under the Penrose Agreement, including, but not limited to failing to pay the amounts owed to plaintiffs with respect to the aforesaid fees and contributions.

38.     At all times relevant, defendants breached their obligations under the Penrose Agreement, including, but not limited to failing to properly record and/or document each and every motel guest such that defendants underreported their gross room revenues. This resulted in defendants under-paying the fees and contributions owed pursuant to the Penrose Agreement.

39.     At all times relevant, defendants breached their obligations under the Penrose Agreement by failing to maintain the premises in a condition consistent with Motel 6 standards and by failing to preserve good guest relations.

40.     At all times relevant, defendants breached their obligations by failing to attend and/or successfully complete the above-mentioned training programs and/or failing to pay the full tuition fees with respect to the same.

41.     Pursuant to the Penrose Agreement, defendants were required to maintain a guest reservation and revenue system accessible to plaintiffs through a broadband internet connection, and plaintiffs provided defendants with a temporary modem to fulfill this requirement.

42.     Prior to the termination of the Penrose Agreement and in direct breach of the Penrose Agreement, defendants disconnected the internet connection, thereby disabling the availability of the guest registrations and revenue systems and thereby depriving plaintiffs of the ability to download revenue reports.

43.     Upon termination of the Penrose Agreement, defendants failed to return the temporary modem to plaintiffs.

44.     As a direct and proximate result of defendants' material breaches, the Karma Agreement was prematurely terminated on or about May 29, 2010.

45.     As a direct and proximate result of defendants' material breaches, plaintiffs have suffered damages and will continue to suffer damages.

WHEREFORE, respectfully request judgment in their favor and against defendants for damages in excess of $75,000, together with interest, costs, attorney's fees and such other further relief as may be deemed appropriate by the Court.

## COUNT III
## Violation of Lanham Act – Injunctive Relief
## against Karma, Sheth, and Patel

46.     Each and every one of the preceding averments in the Complaint are incorporated herein and made a part hereof by reference.

47.     Pursuant to the Karma Agreement, at termination, defendant Karma was to cease operation as a Motel 6, and was to refrain from holding itself out as a present or former Motel 6 franchisee.

48.     The Karma Agreement was terminated on or about April 14, 2010.

49.     Notwithstanding the termination of the Karma Agreement, when employees at the subject premises answer the phone, they describe the premises as a Motel 6.

50.     Accor Franchising North America, LLC and/or its affiliates are the registered owners of the Motel 6 name and proprietary marks.

51.     Upon termination of the Karma Agreement, defendant Karma was to remove and discontinue use of any and all signs, fixtures, furniture, furnishings, equipment, software, advertising, materials, stationary, supplies, forms or other articles which display the Motel 6 proprietary marks.

52.     Notwithstanding the termination of the Karma Agreement, defendants continue to advertise and promote the premises as a Motel 6 by displaying Motel 6 signs bearing plaintiffs' proprietary marks on and near the premises.

53.     Notwithstanding the termination of the Karma Agreement, defendants continue to advertise and promote the premises as a Motel 6 by displaying Motel 6 signs and billboards depicting these proprietary marks along the nearby roadways.

54.     Such advertisement and promotion by defendants is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the premises.

55.     Such advertisement and promotion by defendants misrepresents the nature, characteristics, and/or qualities of the premises.

56.     Such advertisement and promotion by defendants significantly dilutes the value of the Motel 6 proprietary marks.

57.     Defendants have committed and continue to commit these actions with knowledge that such imitation is like to deceive and cause confusion and mistake.

58.     Defendants have committed and continue to commit these actions with the intent to deceive and cause confusion and mistake.

59.     Defendants' actions are in direct violation of the Lanham Act, 15 U.S.C. § 1114, *et. seq.*

60.     An injunction is necessary to avoid further injuries.

61.     A greater injury will result if the court does not grant the injunction than if it does.

62.     An injunction is necessary as there is no adequate remedy at law.

63.     Without an injunction, plaintiffs will suffer irreparable harm.

WHEREFORE, plaintiffs respectfully request injunctive relief against defendants enjoining them from further use of the Motel 6 proprietary marks and from any and all association with Motel 6, including but not limited to the use and display of signs and billboards depicting the premises as a Motel 6, and any other advertising and promotion of the premises as a Motel 6.

**COUNT IV**
**Violation of Lanham Act – Damages**
**against Karma, Sheth, and Patel**

64.     Each and every one of the preceding averments in the Complaint are incorporated herein and made a part hereof by reference.

65.     Such advertisement and promotion by defendants is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the premises.

66. Such advertisement and promotion by defendants misrepresents the nature, characteristics, and/or qualities of the premises.

67. Such advertisement and promotion by defendants significantly dilutes the value of the proprietary marks.

68. Defendants committed and continue to commit these actions with knowledge that such imitation is likely to deceive and cause confusion and mistake and with the intent of causing deception, confusion and mistake.

69. Defendants' actions are in direct violation of the Lanham Act, 15 U.S.C. § 1114, *et. seq.*

70. As a direct and proximate cause of defendants' violations of the Lanham Act, unauthorized use of the aforesaid proprietary marks, misuse of the aforesaid proprietary marks, and mischaracterization of the premises, plaintiffs have suffered damages and continue to suffer damages.

WHEREFORE plaintiffs respectfully request judgment in their favor and against defendants for damages in excess of $75,000, together with interest, costs, attorney's fees and such other relief as may be deemed appropriate by the Court.

## COUNT V
## Fraud
## against Karma, Sheth, and Patel

71. Each and every one of the preceding averments in the Complaint are incorporated herein and made a part hereof by reference.

72. Defendants made numerous material misrepresentations of fact and omissions, including, but not limited to failing to properly record and/or document each and every motel guest such that defendants underreported their gross room revenues. This

resulted in defendants under-paying the fees and contributions owed to plaintiffs pursuant to the Karma Agreement.

73.     Defendants made such material misrepresentations of fact and omissions with knowledge of the falsity and/or with recklessness as to the truth or falsity of the misrepresentations and/or omissions.

74.     Defendants made such material misrepresentations and omissions to continue to garner the benefits of operation of the premises as a Motel 6 franchise, while fraudulently retaining funds rightfully owed to plaintiffs.

75.     Plaintiffs justifiably relied on defendants' material misrepresentations and omissions.

76.     As a direct and proximate result of defendants' material misrepresentations and omissions, plaintiffs have suffered damages and will continue to suffer damages.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against defendants for damages in excess of $75,000, including, but not limited to punitive damages, together with interest, costs, attorney's fees and such other further relief as may be deemed appropriate by the Court.

**COUNT VI**
**Fraud**
**against Penrose and Sheth**

77.     Each and every one of the preceding averments in the Complaint are incorporated herein and made a part hereof by reference.

78.     Defendants made numerous material misrepresentations of fact and omissions, including, but not limited to:

    a.   Failing to properly record and/or document each and every motel guest such that defendants underreported their gross room revenues, resulting in defendants under-paying the fees and contributions owed to plaintiffs pursuant to the Penrose Agreement; and

    b.   Disconnecting the internet connection prior to the termination of the Penrose Agreement, thereby ceasing the availability of the guest registration system and the ability to download revenue reports.

79.    Defendants made such material misrepresentations of fact and omissions with knowledge of the falsity and/or with recklessness as to the truth or falsity of the misrepresentations and/or omissions.

80.    Defendants made such material misrepresentations and omissions to continue to garner the benefits of operation of the premises as a Motel 6 franchise, while fraudulently retaining funds rightfully owed to plaintiffs.

81.    Plaintiffs justifiably relied on defendants' material misrepresentations.

82.    As a direct and proximate result of defendants' material misrepresentations and omissions, plaintiffs have suffered damages and will continue to suffer damages.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against defendants for damages in excess of $75,000, including, but not limited to punitive damages, together with interest, costs, attorney's fees and such other further relief as may be deemed appropriate by the Court.

## COUNT VII
### Request for Equitable Accounting-Penrose and Karma

83.     Each and every one of the preceding averments in the Complaint are incorporated herein and made a part hereof by reference.

84.     An equitable accounting of the property of defendant Penrose is necessary to determine the specific amount of damage suffered by plaintiffs due to defendants' failure to properly record and/or document each and every motel guest such that defendants underreported their gross room revenues, resulting in defendants under-paying the fees and contributions owed to plaintiffs pursuant to the Penrose Agreement.

85.     An equitable accounting of the property of defendant Karma is necessary to determine the specific amount of damage suffered by plaintiffs due to defendants' failure to properly record and/or document each and every motel guest such that defendants underreported their gross room revenues, resulting in defendants under-paying the fees and contributions owed to plaintiffs pursuant to the Penrose Agreement.

86.     Without accountings of the property of defendants, defendants will be unjustly enriched.

WHEREFORE, plaintiffs respectfully request an equitable accounting of the property of each of the defendants.

WARD GREENBERG HELLER & REIDY LLP

By: *Edward A. Greenberg (EAG)*

Edward A. Greenberg (EAG3642)
Erica L. Goodman
1835 Market Street
Suite 650
Philadelphia, PA 19103
(215) 836-1100

Attorneys for plaintiffs
Accor Franchising North America,
LLC, Accor North America, Inc.,
and Motel 6 Operating L.P.